OPINION OF THE COURT
Eli H. Mellan, J.
The defendant seeks in this motion an order dismissing the information on the ground that the charge alleged in the information does not constitute a crime or any criminal offense and, it is assumed, although not specifically argued, does not even constitute a traffic infraction.
The information alleges that the defendant violated section 303.4 of the Rules and Regulations of the Nassau County Bridge Authority governing the use of the Atlantic Beach Bridge (21 NYCRR 303.4) in that, although the regulations prohibit such action, the defendant together with another, did jump off the Atlantic Beach Bridge on October 2, 1977.
The defendant concedes through his moving papers that section 303.4 of the Rules and Regulations of the Nassau County Bridge Authority governing the use of the Atlantic Beach Bridge states "No person shall fish or dive from the bridge or loiter on property over which the authority exercises jurisdiction.” (21 NYCRR 303.4.) In fact, the authority for *612 such regulation emanates from the laws of New York (L 1959, ch 775, tit VIII, art 38).
It is the argument of the defendant that although such rules and regulations were in existence on the date in question, and it is clear from the language of the said rules and regulations, that a person may not dive from the bridge, nevertheless, there is no specific language within the rules and regulations promulgated by the Nassau County Bridge Authority which characterize such actions as something attaching criminal liability.
The allegations within the District Court information are to the effect that the defendants did both jump off the Atlantic Beach Bridge on a $10 bet. Although the proscribed language is that a person may not "dive” from the bridge, I do not believe any serious argument is being made to distinguish the action on a claim that jumping from a bridge is not equivalent to diving from a bridge.
Furthermore, although we live in times when a person, notwithstanding technical violations of law, is admired for the heroic action of climbing the World Trade Center, I do not believe that we have yet reached the state where we would encourage by our admiration the diving from a bridge, particularly, if in fact a law exists whereby a specific statute, or a rule and regulation issued pursuant to such statute, states that such action is illegal.
Section 10.00 of the Penal Law defines offense, traffic infraction, violation and other criminal acts in addition to other definitions. Subdivision 4 of section 55.10 of the Penal Law states that notwithstanding any other provision of this section, an offense defined as a traffic infraction shall not be deemed to be a violation or a misdemeanor by virtue of the sentence prescribed therefor.
There is neither argument on behalf of the People, nor any authority for claiming that the act involved constitutes a crime, and if anything, not being defined as a crime at most would constitute an offense or traffic infraction. The People claim that the defendant herein is charged with a traffic infraction.
The Atlantic Beach Bridge is subject to the statutory provisions contained in the Public Authorities Law under sections 651 through 668. Under section 654 of the Public Authorities Law, the powers of the Nassau County Bridge Authority pertaining to the Atlantic Beach Bridge are spelled out and *613 subdivision 5 thereof specifically authorized the authority to make by-laws and regulations for the use and management of the bridge. Under this statute, the Nassau County Bridge Authority certainly was authorized to issue rules and regulations, preventing persons from diving from the bridge, which is contained in the sections of the rules referring to "Prohibited Conduct.” (21 NYCRR Part 303.)
Section 1630 of the Vehicle and Traffic Law specifically states that a bridge authority may, by ordinance, order, rule or regulation, prohibit, restrict or regulate traffic and/or "pedestrian use” of any highway under its jurisdiction. Thus, it is clear that the Nassau County Bridge Authority had the right to issue such a restriction and prohibition which by virtue of the above-cited section of the Vehicle and Traffic Law became a violation thereof, thereby subjecting it to the penalties enumerated under section 1800 of the Vehicle and Traffic Law. Subdivision (b) of section 1800 of the Vehicle and Traffic Law specifically provides that every person convicted of violating any ordinance, order, rule or regulation adopted pursuant to section 1630 of the Vehicle and Traffic Law, unless some other penalty is provided, shall, for a first conviction, be punished by a fine of not more than $50 or by imprisonment for not more than 15 days or by both such fine and/or imprisonment. In the court’s opinion, the language of both section 1630 and section 1800 of the Vehicle and Traffic Law is applicable to the within situation.
The argument that the information makes no reference to the Vehicle and Traffic Law and therefore is dismissible is in this court’s opinion totally without merit. The section cited in the information clearly refers to the acts with which these defendants are charged so that the defendants are sufficiently apprised of the charges lodged against them, and as indicated above, the nature of the charge is derived from other sections of law. This is not at all uncommon for as usually occurs, the information merely advises the defendant of the specific charge whereas the basis and authority for sentence is contained in diverse other portions of the statute. Not all applicable sections of either the Penal Law or the Criminal Procedure Law are included in all informations, nor do they need to be, even though rules of evidence and motions are controlled thereby and all that is necessary is that the defendant be clearly advised of the nature of the charge and the section of law violated. This does appear from the information which *614 defendant seeks to dismiss and therefore for the foregoing reasons, the motion is denied.